UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:15-CV-692-DJH-CHL

**RANDOLPH WIECK, et al.,**                                                                     **Plaintiffs,**

v.

**BOARD OF TRUSTEES OF THE KENTUCKY
TEACHERS' RETIREMENT SYSTEM (KTRS), et al.,**                        **Defendants.**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion to appoint counsel (DN 8) filed by Plaintiffs Randolph Wieck, Betsey Bell, and Jane Norman (collectively, "Plaintiffs"). None of the Defendants has filed a response. The motion is now ripe for review. For the following reasons, Plaintiffs' motion to appoint counsel is DENIED.

### BACKGROUND

On August 24, 2015, Plaintiffs filed a complaint (DN 1) against some twenty entities and individuals. The complaint purports to initiate a class action on behalf of current and retired public school teachers in Kentucky. The primary defendant to which Plaintiffs' allegations relate is the Board of Trustees of the Kentucky Teachers' Retirement System ("KTRS"). Plaintiffs allege that mismanagement by KTRS of teachers' "pension and retiree health systems" has made KTRS the "single worst-funded state teacher plan in the United States." (DN 1 at 2.) Plaintiffs appear to assert claims pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., the Contract Clause of the United States Constitution, various Kentucky statutes, and common-law breach of fiduciary duty. *See generally id.*

Since Plaintiffs filed their complaint, few substantive events have transpired in this case. A number of defendants have been granted additional time to answer or otherwise respond to the

complaint. (*See* DN 10, 14, 18, 19.) One defendant has filed a motion to dismiss for failure to state a claim. (DN 13.) On September 23, 2015, Plaintiffs filed what the Court construes as a motion to appoint counsel. (DN 8.) The motion takes the form of a less than one-page letter to District Judge David J. Hale.[1] Plaintiffs state that they are currently proceeding *pro se* on behalf of some 140,000 current and retired Kentucky teachers. They state that they have received communications from counsel for certain defendants, and that as they "are without counsel, [they are] therefore uncertain as to the procedures to follow in these instances." (*Id.* at 1, 2-5.) Plaintiffs attach several articles from the news media which they suggest demonstrate the importance of this case. (*Id.* at 6-14.) Plaintiffs close by stating, "We would request that your Honor consider assigning counsel for the plaintiffs." (*Id.*) No defendant filed a response to the motion to appoint counsel prior to the expiration of the deadline for responses. *See* LR 7.1(c) ("Failure to timely respond to a motion may be grounds for granting the motion.").

## DISCUSSION

### 1. Legal Standard

*Pro se* litigants in civil matters do not have a constitutional right to appointment of counsel. *See, e.g.*, *Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993) (citing *Mekdeci v. Merrell Nat'l Labs.*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983)). "Title 28, United States Code, section 1915(e)(1) indicates that court[-]enlisted assistance of counsel is not mandatory, but merely a matter of discretion." *Sublett v. White*, 2012 U.S. Dist. LEXIS 119613, *1 (W.D. Ky.

---

[1] The Court notes that while the motion to appoint counsel was filed as a letter addressed specifically to Judge Hale, this motion has been referred, pursuant to 28 U.S.C. 636(b)(1)(A), to the undersigned Magistrate Judge for resolution. (*See* DN 9 (referring case to Magistrate Judge "for resolution of all litigation planning issues, entry of scheduling orders, consideration of amendments thereto, and resolution of all nondispositive matters, including discovery issues").)

Aug. 23, 2012); *see* 28 U.S.C. § 1915(e)(1) ("The court *may* request an attorney to represent any person unable to afford counsel") (emphasis added); *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992) ("The appointment of counsel to civil litigants is a decision left to the sound discretion of the district court, and the decision will be overturned only when the denial of counsel results in 'fundamental unfairness impinging on due process rights.'") (citations omitted). Appointment of counsel is "a privilege that is justified only by exceptional circumstances." *Lavado*, 992 F.2d at 606 (citations omitted). In determining whether "exceptional circumstances" exist, courts examine "the type of case and the abilities of the plaintiff to represent himself," which generally involves "a determination of the complexity of the factual and legal issues involved." *Id.* (citations omitted).

    **2. Analysis**

In this case, the Court acknowledges the existence of some factors that may weigh in favor of the appointment of counsel. Plaintiffs purport to represent a very large class of similarly-situated individuals, and they have named approximately twenty defendants. The complaint indicates that Plaintiffs' allegations implicate several areas of the law. These factors, however, are insufficient to establish the existence of exceptional circumstances that would support appointment of counsel for Plaintiffs. Indeed, the Sixth Circuit has upheld the denial of appointment of counsel in cases that present more complexities than the instant case. *See, e.g.*, *Garrison v. Michigan Dep't of Corr.*, 333 Fed. Appx. 914, 916 (6th Cir. 2009) ("The [prisoner] plaintiffs cited several factors to support their request [for counsel], including the merit of their case, the complexity of the [class certification] issues, the fact that three of the four of them were uneducated, and the fact that one plaintiff had already been transferred to another facility, thus

making communication about their suit difficult. The court, however, determined that appointment of counsel was not necessary to a proper presentation of plaintiffs' case.").

Here, the Court declines to appoint counsel for Plaintiffs, finding that no exceptional circumstances exist. The statute setting forth the standard for appointment of counsel to represent civil litigants provides that a court "*may* request an attorney to represent *any person unable to afford counsel*." 28 U.S.C. § 1915(e)(1) (emphasis added). Two important points can be gleaned from this language. First, as is set forth above, the appointment of counsel to represent a civil litigant is a matter of the Court's discretion. Second, the Court's power to appoint counsel is intended to provide representation for persons who are unable to afford counsel. As the Sixth Circuit has stated, "the district courts, in considering an application for appointment of counsel, should at least consider plaintiff's financial resources, the efforts of plaintiff to obtain counsel, and whether plaintiff's claim appears to have any merit.[2]" *Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985).

In their motion, not only do Plaintiffs omit to provide a financial statement that might demonstrate inability to pay legal fees, they do not include even general representations regarding their ability to afford retained counsel. With that said, class actions, and civil cases in general, are often accepted by attorneys on a contingency-fee basis, where a plaintiff's fee is payable only if there is a favorable result. Plaintiffs have not informed the Court as to whether they taken *any* steps to attempt to obtain counsel. Plaintiffs merely state that they have received two communications from counsel for certain defendants and that they are "uncertain as to the procedures to follow in these instances." (DN 8.)

---

[2] The Court declines to address the merits of Plaintiffs' claims at this early stage in the litigation. Even assuming, however, that their claims have merit, there are no exceptional circumstances justifying the appointment of counsel.

4

Additionally, while the Court is sympathetic to the challenges that *pro se* litigants may face given the complexities of the law, both substantive and procedural, Plaintiffs chose to file this lawsuit *pro se*, and they are bound by the same legal standards and procedural rules as any party that is represented by counsel.[3]  Finally, Plaintiffs have demonstrated in their pleadings an ability to clearly express their theory of the case despite the complexities inherent in a state pension system and related statutory scheme.  *See Stout*, 2006 U.S. Dist. LEXIS 90568 at *15 ("[Plaintiff's] pleadings are articulate, reflecting [his] ability to express himself to the Court."). Based on the foregoing, the Court concludes that at this juncture, no exceptional circumstances exist that would support appointment of counsel to represent Plaintiffs.

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' motion for appointment of counsel (DN 8) is **DENIED**.

Appeal of this Order is subject to the terms and time limitations of Fed. R. Civ. P. 72(a) and L.R. 72.2.

cc:     Counsel of record
        Plaintiffs, *pro se*

---

[3]     The Court notes that the Clerk of Court produces a handbook for *pro se* litigants.  Plaintiffs may obtain a copy of the handbook from the office of the Clerk or the Court's website.