UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

RANDOLPH WIECK, et al.,                                                     Plaintiffs,

v.                              Civil Action No. 3:15-cv-692-DJH

BOARD OF TRUSTEES OF THE
KENTUCKY TEACHERS' RETIREMENT
SYSTEM, et al.,                                           Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Retired teachers, and pro se plaintiffs, Randolph Wieck, Betsey Bell, and Jane Norman have brought a putative class action suit against the Board of Trustees of the Kentucky Teachers' Retirement System (KTRS), and numerous other defendants. (Docket No. 1) They claim that the Board mismanaged the KTRS in violation of the Federal Labor Standards Act, the United States Constitution, and various Kentucky statutes. (*Id*.) Plaintiffs served a summons on Jason Howard, an employee of the U.S. Securities and Exchange Commission, without naming him or the SEC as a defendant, or even mentioning Howard in the complaint.[1] (D.N. 13, PageID # 91) Howard has moved to dismiss Plaintiffs' claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.N. 13) Plaintiffs responded, arguing that the SEC's "lack of a response" to the poor performance of "the sister system of KTRS," the Kentucky Retirement System, is a "major contributing factor" to the Kentucky Retirement System's poor performance. (D.N. 16, PageID # 16) This response, and Plaintiffs' complaint, are insufficient to survive a Rule 12(b)(6) motion to dismiss.

---

[1] Plaintiffs mention the SEC in the complaint in a single sentence: "In a letter dated July 21, 2015, eleven state Treasurers urged the SEC to require better disclosure of private equity expenses." (D.N. 1, PageID # 7)

1

**I.**

To overcome a motion to dismiss for failure to state a claim, Plaintiffs' "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although the Court must view the complaint in the light most favorable to Plaintiffs and take all well-pleaded factual allegations as true, the Court "need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). In other words, a complaint will not survive if it "tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Moreover, though federal courts hold pro se pleadings to a less stringent standard than formal pleadings drafted by lawyers, the Court's "duty to be less stringent with *pro se* complaints does not require [the Court] to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted) (emphasis added); *see Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Consequently, this Court is not required to "explore exhaustively all potential claims of a *pro se* plaintiff," as this would "transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (citation omitted).

Plaintiffs' complaint does not meet the well-pleaded complaint standard from *Iqbal*. 556 U.S. at 678. The complaint does not name Howard as a defendant. And it fails to allege a plausible claim against the SEC or Howard. Consequently, the Court will grant Howard's motion to dismiss.

## II.

There are six additional motions to dismiss pending. (*See* D.N. 24, 25, 26, 28, 31, 35) Thus far, Plaintiffs have failed to respond to any of them. While the Court may not grant the motions to dismiss based solely on Plaintiffs' failure to respond, see *Bangura v. Hansen*, 434 F.3d 487, 497-98 (6th Cir. 2006) (citing *Carver v. Bunch*, 946 F.2d 451, 452, 454-55 (6th Cir. 1991)), it is incongruous for Plaintiffs to bring such serious allegations, yet fail to respond to the defendants' motions. The Court will therefore grant Plaintiffs a brief extension of time to respond to the motions to dismiss.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)    Defendant Jason Howard's Motion to Dismiss (D.N. 13) is **GRANTED**. Defendant Jason Howard is hereby **DISMISSED** as a party in this matter. To the extent that Plaintiffs assert a claim against the U.S. Securities and Exchange Commission, it is also **DISMISSED,** and the U.S. Securities and Exchange Commission is hereby **DISMISSED** as a party in this matter.

(2)    Plaintiffs shall have **thirty (30) days** from the date of entry of this Order within which to respond to the pending motions to dismiss. (D.N. 24, 25, 26, 28, 31, 35) The defendants may file replies **thirty (30) days** thereafter. **In the event Plaintiffs intend to abandon any of their claims, they shall file a response to that effect.**

April 21, 2016

                                               David J. Hale, Judge
                                           United States District Court