UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

RANDOLPH WIECK, et al.,                                                                           PLAINTIFFS

v.                                                                        CIVIL ACTION NO. 3:15-CV-692-CRS

BOARD OF TRUSTEES OF THE
KENTUCKY TEACHERS' RETIREMENT
SYSTEM, et al.,                                                                                     DEFENDANTS

**MEMORANDUM OPINION**

I. Introduction

The pro se plaintiffs, current and retired teachers Randolph Wieck, Betsey Bell, and Jane Norman (collectively, "Plaintiffs"), filed this putative class action on behalf of similarly situated members of the Kentucky Teachers' Retirement System ("KTRS"). Compl. 1, ECF No. 1. The complaint asserts many causes of action, including violations of the Contract Clause, Takings Clause, and Due Process Clause of the Fifth Amendment of the United States Constitution, the Fair Labor Standards Act ("FLSA"), the Securities Act, the Investment Advisers Act of 1940, various state statutes, and common law breach of fiduciary duty. *Id.* at 2–3, 5–8. Plaintiffs' claims rest on alleged mismanagement of KTRS, resulting in an underfunding of the system. *Id.* ¶ 5. The defendants included the Board of Trustees of KTRS, the Attorney General, the Auditor

1

of Public Accounts, the Kentucky Education Association ("KEA"),[1] and multiple investment companies, including The Carlyle Group L.P. ("Carlyle").[2] *Id.* at 1. This Court previously dismissed all the defendants except KEA and Carlyle. Order, ECF No. 47.

Carlyle moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, ECF No. 48. KEA moves for judgment on the pleadings for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3), or, in the alternative, failure to state a claim upon which relief can be granted under Rule 12(h)(2), ECF No. 51. Plaintiffs did not respond. Because these motions involve the same facts and issues, the Court will address them in a single memorandum opinion and order.

For the reasons below, the Court will grant KEA's motion for judgment on the pleadings for lack of subject matter jurisdiction. Because the Court lacks subject matter jurisdiction over these remaining claims, the Court will deny Carlyle's motion to dismiss as moot. The Court will dismiss all claims against KEA and Carlyle without prejudice.

II. Background

Plaintiffs allege that the Board of Trustees of KTRS mismanaged the pension fund, allowing underfunding that resulted in a nearly 4% additional taking from teachers. Compl. ¶¶ 18–22, ECF No. 1. The vast majority of Plaintiffs' allegations are aimed at the Board of Trustees of KTRS and assert violations of the Fair Labor Standards Act, Investment Advisers Act, and Securities Act, various constitutional violations, various violations of Kentucky state law, and breach of fiduciary duty. *Id.* ¶¶ 7, 11, 14–18, 22, 26, 29, 30. Plaintiffs do not appear to assert any

---

[1] Plaintiffs named the Kentucky Educational Association in their complaint, but KEA asserts that this designation is incorrect. KEA's Answer 1, ECF No. 22. Rather, KEA asserts that its correct name is "Kentucky Education Association." *Id.*

[2] Plaintiffs named the "Carlyle Group" in their complaint, ECF No. 1. Carlyle identifies itself as The Carlyle Group L.P. Carlyle's Mem. Support Mot. Dismiss 1, ECF No. 48-1.

2

particular causes of action against Carlyle. Plaintiffs appear to assert only one cause of action against KEA, which is based on Kentucky state law. *Id.* ¶ 38.

Plaintiffs filed this action, seeking as damages a refund of any amounts collected in excess of the original contribution rate. *Id.* ¶ 46. In the alternative, they seek injunctive relief, by which they seek to prevent future additional amounts from being deducted from their pay, above the original contribution rate. *Id.* Plaintiffs also seek injunctive relief by which they demand that the Court order the Board to (1) communicate honestly the underfunding to its members, (2) demand full contributions from the legislature, (3) bring civil suit against the legislature within one year of inaction, and (4) amend its investment guidelines. *Id.* ¶¶ 44–52. In addition, Plaintiffs ask the Court to order the federal government to direct federal education funds solely to education, rather than to pensions. *Id.* ¶ 50. Finally, Plaintiffs are asking for attorney fees and costs under 42 U.S.C. § 1983. *Id.* ¶ 52. Plaintiffs do not appear to seek any particular damages or injunctive relief from Carlyle or KEA.

III. Legal Standard

KEA moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), 12(h)(2), and 12(h)(3). KEA's Mot. J. Pleadings, ECF No. 51. KEA asks this Court for judgment either because of lack of subject matter jurisdiction or for failure to state a claim upon which relief may be granted. KEA's Mem. Supp. J. Pleadings 1, ECF No. 51-1.

KEA asks this Court for judgment on the pleadings and argues that the Court lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3). *Id* at 2. Federal courts are courts of limited jurisdiction. The Court must dismiss an action if it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal court has original federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United

States." 28 U.S.C. § 1331. A federal court has original diversity jurisdiction where the suit is between "citizens of different states" and "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Finally, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

Courts typically do not look into the validity of federal causes of action in determining whether there is subject matter jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). Subject matter jurisdiction is not defeated simply because the federal claims asserted fail to state a claim. *See id.* "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Id.* (citing *Oneida Indian Nation of N.Y. v. Cty. of Oneida*, 414 U.S. 661, 666 (1974)).

IV. Analysis

Plaintiffs' complaint did not assert a basis for subject matter jurisdiction in this Court, but Plaintiffs did assert violations of the Constitution and federal statutes in their complaint. In this Court's last order, it dismissed all claims against all defendants in this action except for KEA and Carlyle. Order, ECF No. 47. Upon review, dismissal of these claims eliminated all federal questions from this case. There are no longer any valid, live causes of action based in federal law because Plaintiffs do not assert any viable federal claims against KEA and assert no claims against Carlyle.

Those allegations in the complaint that are specific to KEA are: (1) KEA "did not clearly inform teachers of [a] taking from their paychecks," Compl. ¶¶ 14, 18, ECF No. 1; (2) "In a back-room deal with state officials and the KEA, KTRS approved a nearly 4% additional taking from teachers, calling it a payment for retiree health care," *id.* ¶ 22; (3) KEA failed to inform its members about the issuance of "over $888 million in secret, taxable Pension Obligation Bonds," which were issued in violation of Sections 17(a)(2) and 17 (a)(3) of the Securities Act of 1933, *id.* ¶¶ 22, 40; (4) "[KEA] is named in this suit because KRS 161.260 gives extraordinary powers to the President of the KEA in the KTRA [sic] trustee voting process," *id.* ¶ 38; and (5) "Both KEA and KTRS use the same politically-connected public relations firm (Peritas) that was paid $95,000 in FY 2014 by KTRS," *id.* ¶ 40. The only federal claim presented with the allegations against KEA is an alleged violation of the Securities Act. As stated in this Court's last memorandum opinion, Plaintiffs lack standing to bring claims on the basis of the Securities Act because they did not allege that they were purchasers of these "secret" bonds. Mem. Op. 12, ECF No. 46 (citing *Gutter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 1194, 1196 (6th Cir. 1981)). Plaintiffs' lack of standing on the only applicable federal claim against KEA eliminates this Court's federal question subject matter jurisdiction on claims against this party.

There are even fewer allegations specific to Carlyle. In fact, there is only one specific reference to Carlyle in the complaint. The complaint states, "KTRS has committed the following additional illegal investments: March 15, 2015 $180 million to Carlyle Group, Blackstone Group, and Rockwood Capital; Dec 14, 2014 $235 million to limited partnerships of Audax Group, KKR & Co., Riverstone Holdings, and Oaktree. KTRS has refused to provide legal disclosure of limited partnerships." Compl. ¶ 39. This statement alleges no wrongdoing on the part of Carlyle and certainly asserts no violation based in federal law.

Additional vague references to "alternative investment managers" also fail to assert a federal claim against Carlyle. Plaintiffs state in their complaint that the Board began employing alternative investment managers, stating, "[a]lternative managers have been criticized extensively in the National Press for underperformance, excessive fees, excessive risks, and a lack of transparency." *Id.* ¶ 17. Not only does this reference fail to assert a cause of action against Carlyle, it also fails to allege any particularized wrongdoing against any alternative investment manager. Similarly, when Plaintiffs state, "KTRS has failed in their fiduciary duty by selecting investments and investment managers not permitted by statute of the Commonwealth of Kentucky," later stating, "[m]any of these alternative investment entities have not documented in their contracts that they adhere to investment ethics and disclosure rules," Plaintiffs again do not assert any cause of action against Carlyle. *Id.* ¶ 29.

Because no viable federal questions remain after the dismissal of all the other defendants, this Court lacks federal question subject matter jurisdiction over Plaintiffs' claims. Additionally, there is no diversity of citizenship subject matter jurisdiction because it appears that both Plaintiffs and KEA are residents of Kentucky. Therefore, this Court must dismiss all claims against KEA and Carlyle without prejudice for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3). This Court need not discuss KEA's alternative ground for judgment on the pleadings or Carlyle's motion to dismiss because it lacks subject matter jurisdiction to do so.

V. <u>Conclusion</u>

For the reasons stated above, this Court finds that it lacks subject matter jurisdiction over the remaining claims. The Court will grant KEA's motion for judgment on the pleadings and

dismiss all claims against it without prejudice. Because the Court lacks jurisdiction over all claims against Carlyle as well, it will dismiss all claims against Carlyle without prejudice.

A separate order will be entered in accordance with this opinion.

December 16, 2016

**Charles R. Simpson III, Senior Judge**
**United States District Court**